COURT OF APPEALS
DECISION
DATED AND FILED

July 2, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1129-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF3049

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

TRAVONTA EMANUEL RICHMOND,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: STEPHANIE ROTHSTEIN, Judge. *Affirmed*.

Before White, C.J., Geenen and Colón, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Travonta Emanuel Richmond appeals from a judgment of conviction entered following a jury trial for repeated sexual assault of a child.  On appeal, Richmond argues that the State failed to corroborate his confession.  For the reasons set forth below, we reject his argument and affirm.

## BACKGROUND

¶2    On September 1, 2020, the State charged Richmond with one count each of repeated sexual assault of a child, strangulation and suffocation, physical abuse of a child, and two counts of bail jumping.  The State moved to dismiss several of the counts, and Richmond proceeded to a jury trial on one count of repeated sexual assault of a child.  The jury found Richmond guilty, and Richmond was subsequently sentenced to four years of initial confinement and six years of extended supervision.

¶3    At the trial, the jury heard Richmond's confession to having a sexual relationship with Amber, who Richmond knew was thirteen years old.[1]  In his confession, Richmond stated that Amber originally presented herself as sixteen years old, but even though Richmond eventually learned that Amber was only thirteen years old, he continued his relationship with Amber.  Richmond indicated that he was in love with Amber, and he estimated that he had sexual intercourse with Amber at least forty times over the course of the previous year.[2]

---

[1] We use a pseudonym to refer to the child victim in this case.  *See* WIS. STAT. RULE 809.86 (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2] As alleged in the criminal complaint, Amber estimated that she had sexual intercourse with Richmond over 100 times.

2

¶4    Amber did not testify at trial.  Instead, the State presented Amber's birth certificate to prove her age.  The State also presented evidence from investigating and arresting officers who spoke with Amber and Richmond around the time of Richmond's arrest, and the State presented two photographs taken from surveillance video of a gas station near the scene of Richmond's arrest.  The first photo was a picture of Amber, and the second photo depicted Richmond standing next to Amber and holding Amber's arm in a manner that the trial court later described made it clear that the two were familiar with one another.

¶5    Following the State's presentation of the evidence, trial counsel moved to dismiss for lack of corroboration of Richmond's confession.  The trial court denied the motion.  After receipt of the jury's verdict, the trial court also denied another motion by trial counsel for judgment notwithstanding the verdict on the same grounds that the State failed to corroborate Richmond's confession.  Richmond now appeals.

## DISCUSSION

¶6    On appeal, Richmond argues that the State failed to produce evidence to corroborate his confession.  In particular, he argues that the State needed to introduce independent evidence of a crime in order to corroborate his confession.  In this case, with the crime being repeated sexual assault of a child, Richmond contends that the State was required to present independent evidence that Richmond and Amber had a sexual relationship by, for example, providing DNA evidence or testimony from friends or family members establishing the nature of the relationship between Richmond and Amber.  We disagree.

¶7    "A conviction will not stand on the basis of a defendant's confession alone."  *State v. Bannister*, 2007 WI 86, ¶23, 302 Wis. 2d 158, 734 N.W.2d 892.

Rather, the State must "present some evidence that the crime charged actually occurred, independent of the defendant's confession" and the State must corroborate "any significant fact." *Id.*, ¶¶25-26 (citation omitted).

¶8      A significant fact "is one that gives confidence that the crime the defendant confessed to actually occur[red]," and it "need not either independently establish the specific elements of the crime or independently link the defendant to the crime." *Id.*, ¶31.

¶9      "When a court addresses a defendant's claim that his or her confession was insufficiently corroborated, it examines the sufficiency of evidence presented at trial." *Id.*, ¶32. Whether the State produced sufficient evidence to corroborate a confession is a question of law that we review independently. *Id.*, ¶22. However, we review "the facts in evidence in a light most favorable to the jury's verdict." *Id.*

¶10     We conclude that the State sufficiently corroborated Richmond's confession. In addition to Richmond's confession, the State introduced the testimony of officers, two photographs of Amber, and Amber's birth certificate. As the trial court recognized when it denied trial counsel's motion at trial, the officer testimony, the photographs of Amber, and Amber's birth certificate establish both Amber's identity and age, which are two significant facts in and of themselves to corroborate Richmond's confession.

¶11     Moreover, the State also introduced a photograph of Richmond and Amber together at the gas station just prior to Richmond's arrest. Significantly, the moment captured in the photo indicates that Richmond and Amber have a certain familiarity with one another given how Richmond is positioned next to Amber and holding her arm. While the photograph does not itself depict a sexual

act, a depiction of a sexual act between Richmond and Amber is not required. The simple fact that Richmond and Amber have a certain familiarity with one another as shown in the photo where Richmond is positioned next to Amber and holding Amber's arm is sufficient because that photo establishes a connection between them, where one reasonable interpretation is that the two were also romantically involved. Thus, the photograph of Richmond and Amber at the gas station established another significant fact to corroborate Richmond's confession.

¶12 Contrary to Richmond's contention, the evidence used to corroborate his confession need not independently establish an element of the crime, and it is sufficient corroboration of his confession to establish Amber's identity and age and a certain familiarity between Richmond and Amber. "All the elements of the crime do not have to be proved independent of an accused's confession," and corroboration "can be far less than is necessary to establish the crime independent of the confession." *Holt v. State*, 17 Wis. 2d 468, 480, 117 N.W.2d 626 (1962).

¶13 Indeed, in *State v. Thomas*, 2021 WI App 55, ¶¶4, 13-14, 399 Wis. 2d 277, 963 N.W.2d 887, we rejected a similar argument that corroboration of a defendant's confession to first-degree sexual assault required "some corroboration that sexual contact occurred." In rejecting the argument, we stated, "The corroboration rule is not so narrowly drawn," and we accepted corroboration in the form of recovery of a pornographic video referenced in the defendant's confession and an account from a neighbor in which the neighbor described noises consistent with those the defendant described in his confession. *Id.*, ¶¶12-14.

¶14 Returning to Richmond's case, the State produced evidence establishing Amber's identity and age, as well as some sort of connection between Amber and Richmond. While this evidence produced by the State to corroborate

Richmond's confession would not independently establish each element of the crime of repeated sexual assault of a child, we conclude that the evidence nonetheless gives us confidence that the crime to which Richmond confessed and was convicted—repeated sexual assault of Amber—actually did occur, and that is all that is required to corroborate Richmond's confession. *See **Bannister***, 302 Wis. 2d 158, ¶26.

¶15 Consequently, we reject Richmond's argument and affirm.[3]

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[3] We do not address the State's argument that we should modify or abrogate the corroboration rule. *See **Cook v. Cook***, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997) (explaining that the court of appeals may not "overrule, modify, or withdraw" a previous decision).